UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>v.<br><br>DEPARTMENT OF DEFENSE, and LEON PANETTA, in his capacity as Secretary of Defense,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 13-0056 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ANSWER**[1]

Defendants answer the numbered paragraphs of Plaintiff's complaint as follows:

In response to the numbered paragraphs and sentences of the Complaint, Defendants admit, deny, or otherwise respond as follows:

1. The allegations contained in paragraph 1 are conclusions of law and Plaintiff's characterization of her case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are conclusions of law and Plaintiff's characterization of her case, to which no response is required.

---

[1] Defendants are mindful that cases brought under the Freedom of Information Act, 5 U.S.C. §552 ("FOIA") are often resolved through the filing of dispositive motions, which Defendants intend to file. The parties have recently conferred and Plaintiff, through counsel, expressed an intention to file a new FOIA request which would resolve nearly all of the issues in this case.

To the extent a briefing schedule may be useful, Defendants propose the following briefing schedule, and are awaiting a response from Plaintiff as to her position on this proposal: Defendants' dispositive motions should be due on November 8, 2013; Plaintiff's cross motions and opposition should be due on December 9, 2013; Defendant's reply and opposition should be due on January 16, 2014; Plaintiff's reply should be due on February 17, 2014. Defendants will file an appropriate motion for this relief upon reviving Plaintiff's position.

3. The allegations contained in paragraph 3 are conclusions of law and Plaintiff's characterization of her case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits to the extent that the Department of Defense ("DOD") is an agency of the United States, and that the DOD maintains some documents that are responsive to Plaintiff's Freedom of Information Act ("FOIA") request, otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by Plaintiff's request dated December 8, 2012, which is the best evidence of its contents; otherwise denies the allegations.

6. Admits the allegations contained in paragraph 6 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations.

7. Denies and avers that on or about July 8, 2013, Defendants caused to be mailed a full and final response to Plaintiff's December 8, 2012, FOIA request, providing all materials to which an Exemption does not apply.

8. The allegations contained in paragraph 8 are conclusions of law and Plaintiff's characterization of her case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 are conclusions of law and Plaintiff's characterization of her case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 are conclusions of law and Plaintiff's characterization of her case, to which no response is required; to the extent they may be deemed

allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

11. The allegations contained in paragraph 11 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

### Requested Relief

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever. Any allegation not specifically addressed is denied.

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The request that is the subject of this lawsuit implicates certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted.

### Third Defense

As of this date, Defendants have made a complete response to the Plaintiff in accordance with 5 U.S.C. § 552 rendering the instant complaint moot as it pertains to Plaintiff's first cause of action (see Atkins v. DOJ, 946 F.2d 1563 (D.C. Cir. 1991)).

### Fourth Defense

Plaintiff has improperly named the Secretary of Defense as a party, who is not a proper defendant in this action, (see Martinez v. BOP, 444 F.3d 620, 624, (D.C. Cir. 2006)).

### Fifth Defense

Plaintiff has failed to exhaust administrative remedies.

### Sixth Defense

Defendants respectfully request that the Court assert on its behalf any and all available affirmative defenses not listed herein.

WHEREFORE, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and award Defendants such other relief as the Court may deem appropriate.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

BY: _____
JOHN J. GOWEL, D.C. Bar #501185
Special Assistant U.S. Attorney
555 Fourth Street, NW
Washington, D.C. 20530
(202) 353-9895
John.Gowel@usdoj.gov